UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 12-21089-CIV-ROSENBAUM/SELTZER

J.G.,

       Plaintiff,

v.

CARNIVAL CORPORATION, d/b/a
CARNIVAL CRUISE LINES, INC.,

       Defendant.
_____/

### ORDER ON DEFENDANT'S BILL OF COSTS

This matter is before the Court upon Defendant's Bill of Costs [D.E. 223]. The Court has reviewed the bill of costs, the briefs, and the record in this case and is otherwise fully advised in this matter. For the reasons set forth below, the Court grants in part the bill of costs.

Rule 54(d), Fed. R. Civ. P., provides, in pertinent part, that costs "shall be allowed as of course to the prevailing party unless the court otherwise directs." The Supreme Court has defined a "prevailing party" as one who has "prevailed on the merits of at least some claims." *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 603-605 (2001). The award of costs is largely controlled by statute. Under 28 U.S.C. § 1920, the court may tax as costs the following:

    1.    Fees of the clerk and marshal;

    2.    Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

    3.    Fees and disbursements for printing and witnesses;

    4.    Fees for exemplification and the costs of making copies of

>     any materials where the copies are necessarily obtained for use in the case;
>
> 5.  Docket fees under Section 1923 of this title;
>
> 6.  Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services of Section 1828 of this title.

A losing party bears the burden of demonstrating that a cost is not taxable unless the knowledge of the proposed cost is within the exclusive knowledge of the prevailing party. *See Ass'n for Disabled Ams., Inc. v. Integra Resort Mgmt.*, 385 F. Supp. 2d 1272, 1288 (M.D. Fla. 2005). Nevertheless, the prevailing party is still required to submit a request for costs sufficiently detailed to permit the court to determine what costs were actually incurred and whether the prevailing party is entitled to them. *Ferguson v. N. Broward Hosp. Dist.*, 2011 WL 3583754, at *3 (S.D. Fla. 2011) (citation omitted). At bottom, courts may not award costs beyond those authorized above or otherwise permitted by any statute. *See Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987).

## Discussion

Here, Defendant's revised Bill of Costs seeks $847.00 for service-of-process fees, $6,839.30 for printed or electronically recorded transcripts, $47.68 for printing, $45.31 for witness fees, and $290.50 for copies. *See* D.E. 235-3. Defendant attaches invoices to both its original and revised bills of costs. D.E. 223-1; D.E. 235-1; D.E. 235-2. Significantly, though, the totals of these invoices do not match the totals on the bills of costs, and Defendant did not submit a memorandum explaining precisely which invoiced costs are being sought. *See* D.E. 223; *see also* D.E. 235, ¶ 2 (conceding that certain costs appearing on the invoices are not being sought).

Plaintiff, for her part, objects generally to the awarding of any costs, but specifically attacks only a handful of Defendant's costs. D.E. 226, ¶ 7. Plaintiff's failure to object specifically to more

than this handful of costs means that Plaintiff has not satisfied her burden of demonstrating that those costs are not taxable.[1] *See Ass'n for Disabled Ams., Inc.*, 385 F. Supp. 2d at 1288; *see also Chapman v. AI Transport*, 229 F.3d 1012, 1038-39 (11th Cir. 2000) (noting the strong and not easily overcome presumption in favor of awarding a prevailing party costs). Nevertheless, the Court must satisfy itself that the costs Defendant seeks are allowable. *See Crawford Fitting Co.*, 482 U.S. at 445.

a. Fees for Printed or Electronically Recorded Transcripts

Defendant attaches invoices for costs related to the depositions of eleven witnesses,[2] the transcripts of which were all used in support of Defendant's summary-judgment motion, trial preparation, or both. Thus, at least some of these deposition costs are taxable in this case. *See Rodriguez v. M.I. Quality Lawn Maintenance, Inc.*, 2012 WL 664275, at *3 (S.D. Fla. Feb. 9, 2012) (citing *EEOC v. W&O, Inc.*, 213 F.3d 600, 621 (11th Cir. 2000)). The question, however, is how much is properly taxable.[3]

The costs of an original transcript necessarily obtained for the case are taxable. *See Monelus v. Tocodrian, Inc.*, 609 F. Supp. 2d 1328, 1338 (S.D. Fla. 2009). But a split of authority exists in this circuit concerning the taxability of transcript copies. *Id.*; *see also Tesler v. Costa Crociere S.p.A.*, 2009 WL 1851091, at *2 (S.D. Fla. June 29, 2009) (granting only half of an "original and one copy" line item). Because Plaintiff has not come forward to contest the taxability of the copy and

---

[1] Plaintiff cites a case from the 7th Circuit for the proposition that a prevailing party has the burden to establish its entitlement to costs. D.E. 226, ¶ 5 (citing *Soler v. Waite*, 989 F.2d 251, 255 (7th Cir. 1993)). To the extent that *Soler* stands for that proposition—and it is not clear that it does—the law in this district expressly places the burden on the party challenging the costs. *See Ass'n for Disabled Ams., Inc.*, 385 F. Supp. 2d at 1288.

[2] J.G., D.E. 223-1 at 1; Barbara Potter and Lisa Gallahar, *id.* at 2; K.B., *id.* at 3, 25; Louis Puricelli, *id.* at 4; Kim Petersen, *id.* at 5; Mayank Thapa, *id.* at 21, 23; Leticia Juanino, *id.* at 22; Redentor Yuzon, *id.* at 24; Manuel Depositario, D.E. 235-2 at 1; and Rajendra Negi, *id.* at 2.

[3] Defendant concedes that it is not seeking costs for expedited or "immediate" processing of the depositions. D.E. 235, ¶¶ 2, 4, 5.

because some authority supports recovery of the cost, the Court awards a total of $2,960.56 for the costs of the original and one copy of the deposition transcripts for the nine witnesses for whom these costs are sought.[4] *See Monelus*, 609 F. Supp. 2d at 1339.

Many of Defendant's invoices also seek recovery of the court reporter's "appearance fee." *See, e.g.*, D.E. 223-1 at 1. As with transcript copies, courts in this circuit are split on whether appearance fees are taxable. Some courts have taken the view that the 2008 amendment of § 1920(2) suggests that court-reporter appearance fees are not longer recoverable. *See Rodriguez v. Marble Care Int'l, Inc.*, 862 F. Supp. 2d 1316, 1320 (S.D. Fla. 2012) (citing authority discussing the amendment, which replaced "[f]ees of the court reporter" with "fees for printed or electronically recorded transcripts," as evidence of Congress's intent to restrict recovery of appearance fees). But the 2008 amendment to Section 1920(2) was made as part of the Judicial Administration and Technical Amendments Act of 2008 and appears in the law under the heading "Assessment of Court Technology Costs." *See* P.L. 11-406, 2008 S. 3569, at Sec. 6, 28 U.S.C.A. § 1920. In addition, the only other change to Section 1920 enacted by the 2008 amendments was the replacement of the words "copies of papers" with "the costs of making copies of any materials" in Section 1920(4). *See id.* As the Third Circuit has explained,

> This amendment to § 1920(4) originated with a recommendation of the Judicial Conference Committee on Court Administration and Case Management. . . . The Committee "was asked to consider whether the list of taxable costs should be amended to include expenses associated with new courtroom technologies." . . . The Committee, "[c]oncluding that adding the full range of such costs might go well beyond the intended scope of the statute, . . . recommended that the [Judicial] Conference endorse two limited amendments to 28 U.S.C. § 1920." . . . .

---

[4] J.G., $510.25; Barbara Potter, $269.75; Lisa Gallahar, $230.75; K.B., $354.25; Louis Puricelli, $104.00; Kim Petersen, $425.75; Redentor Yuzon, $306.36; Manuel Depositario, $372.10; and Rajendra Negi, $387.35.

*Race Tires Am., Inc. v. Hoosier Racing Tire Corp.*, 674 F.3d 158, 165 (3d Cir. 2012).  Thus, this Court is not convinced that Congress intended the 2008 amendment to Section 1920(2) to restrict recovery of court-reporter appearance fees.  Under these circumstances, where a split of authority exists over whether court-reporter appearance fees are recoverable costs and where Plaintiff has not specifically objected to such costs, the Court awards a total of $442.50 in such fees.[5]

As for costs for delivery and handling of transcripts, while courts sometimes award costs for these items, they often do so on a rationale that the delivery fees are part of the court reporter's fees.  *See George v. Fla. Dep't of Corr.*, 2008 WL 2571348, at *6 (S.D. Fla. May 23, 2008) (reviewing cases that have and have not award delivery and handling costs).  Once again, Plaintiff does not object specifically to this request.  Because some courts allow these costs, therefore, the Court will award them for a total of $100.[5]  But the fees Defendant seeks for conference rooms, *see* D.E. 223-1 at 3, 4, are only incidental to the taking of the deposition and are not directly related to the transcripts themselves, and, therefore, are not taxable under § 1920.  *See Groves v. Royal Caribbean Cruises, Ltd.*, 2011 WL 817930, at *2 (S.D. Fla. Mar. 2, 2011).

Further, while the costs associated with transcripts may be recoverable, costs incurred as a result of digital or condensed copies of transcripts or copies of exhibits generally are not recoverable unless the moving party demonstrates that these items were necessary and not merely ordered for the convenience of counsel.  *See Rodriguez*, 862 F. Supp. 2d at 1320.  Although Plaintiff has not objected to these costs, Defendant's conclusory affidavit statement that all costs incurred were necessary is insufficient to show that these expenses were incurred out of necessity rather than

---

[5]J.G., $85.00; Barbara Potter and Lisa Galahar, $102.50; Kaycie Blanton, $85.00; Louis Gene Purcelli, $85.00; Kim E. Petersen, $85.00.

[5]J.G., $15.00; Barbara Potter and Lisa Galahar, $15.00; Kaycie Blanton, $15.00; Louis Gene Purcelli, $20.00; Kim E. Petersen, $35.00.

convenience. Accordingly, the Court will disallow these fees.

Defendant also seeks to tax significant costs related to the videotaping of various depositions for which Defendant also obtained stenographic transcripts *See* D.E. 223-1 at 4, 21, 23, 25; D.E. 235-2 at 1-2. Generally, when a party notices a deposition to be taken by both video and stenographic means, and no objection is made, the costs of both the video and stenographic transcript are recoverable if they were necessarily obtained for use in the case. *See Morrison v. Reichhold Chems., Inc.*, 97 F.3d 460, 464-65 (11th Cir. 1996). Here, Defendant generally does not seek costs for the actual recording itself, but rather for "videography," which the Court equates with an appearance fee. Thus, for the reasons that the Court awards appearance fees, the Court likewise awards the charge for videography for Louis Gene Puricelli's deposition, amounting to $200.00.

As for charges incurred for transferring a video to DVD (a convenience), and "video synchronization" (which is generally not recoverable under § 1920[6]), the Court declines to award costs. Only with respect to K.B.'s deposition does Defendant provide an invoice for an actual recording. D.E. 223-1 at 25. However, nothing on the record establishes that Defendant properly noticed a dual stenographic and video deposition. Moreover, K.B. testified at trial, and the Court cannot discern how the videotape of K.B.'s deposition was necessary for Defendant's case. Accordingly, Defendant is not entitled to recover the video-related costs.

Finally, the invoices for two witnesses—Mayank Thapa and Leticia Juanino—do not break down the cost of the original and one copy of the transcript. Thapa's invoices show only a fee for copying a video on to a DVD, D.E. 223-1 at 21, and costs associated with "synchronization" of video, *id.* at 23. Juanino's invoice shows a single, non-itemized cost for "[c]opy of transcript and

---

[6] *See Crouch v. Teledyne Cont'l Motors, Inc.*, 2013 WL 203408, at *7 (S.D. Ala. Jan. 17, 2013); *Powell v. The Home Depot, U.S.A., Inc.*, 2010 WL 4116488, at *12 (S.D. Fla. Sept. 14, 2010).

video sync on CDRom." *Id.* at 22. Because Defendant has not provided sufficient detail with respect to Thapa's and Juanino's depositions to permit the Court to evaluate whether the costs incurred are allowable, the Court does not award any costs associated with Thapa's and Juanino's depositions. *See Joseph*, 2013 WL 2929464, at *2.

b. Service-of-Process Fees

Defendant seeks to recover the costs incurred in using a private process server to serve fifteen subpoenas in this case. See D.E. 223-1 at 6-20; D.E. 235-1. Plaintiff objects to the "rush fees" included with most of the service invoices but not to the necessity of the subpoenas themselves. D.E. 226, ¶ 7. In response, Defendant removed its request for the "rush fees" and clarified that it was seeking $13.00 for service in Broward County, $45.00 for service in other parts of Florida, and $89.00 for service in states other than Florida. D.E. 235, ¶ 3.

The fees for service of process by private process servers are recoverable under § 1920, as long as the fees do not exceed the amount charged by the United States Marshal for service of process. *See K.S.R. X-Ray Supplies, Inc. v. Se. X-Ray, Inc.*, 2010 WL 4960959, at *1 (S.D. Fla. Dec. 1, 2010) (citing *W&O, Inc.*, 213 F.3d at 623-24). The Marshal charges $55.00 plus travel costs and other out-of-pocket expenses for serving process. *See* 28 C.F.R. § 0.114(a)(3). Costs for attempting to serve the same individual at different address are also not recoverable. *Tampa Bay Water, v. HDR Eng'g, Inc.*, 2012 WL 5387830, at *18 (M.D. Fla. Nov. 2, 2012); *Del. Valley Floral Grp., Inc. v. Shaw Rose Nets, L.L.C.*, 2009 WL 5127941, at *1-*2 (S.D. Fla. Nov. 6, 2009).

Thus, in the absence of documented travel or out-of-pocket expenses, the maximum recovery per subpoena is $55.00 or the actual cost incurred, whichever is less. Here, Defendant is entitled to recover a total of $621.00 for service costs: $13.00 each for service of the two subpoenas in Broward County, D.E. 223-1 at 6, 7, $55.00 for the service of a subpoena on the Centers for Medicare and

Medicaid Services, *id.* at 18, and $45.00 each for the remaining twelve subpoenas that were served in Florida.

c. Fees for Printing, Exemplification, and Copies

Defendant also seeks $47.68 for printing costs and $290.50 for exemplification and copying costs. D.E. 235-3. However, Defendant has not explained how or why these costs were incurred. While some of the deposition invoices reflect costs for copies, it is not clear if Defendant has sought these costs as part of the deposition expenses or separately. Moreover, Defendant has not elaborated on its printing costs at all. Accordingly, Defendant has not provided enough information for the Court to evaluate whether the printing and copying costs incurred are necessary and recoverable, and, therefore, the Court disallows them. *See Joseph*, 2013 WL 2929464, at *2.

d. Witness Fees

Defendant requests an award of $45.31 as a witness fee for Louis Puricelli. D.E. 223. The Court assumes that this is for Puricelli's attendance at his deposition, although Defendant does not so specify or provide any other information about the origin of this amount, such as travel costs incurred. Generally, an attendance fee of $40.00 is recoverable under § 1920 for witnesses who attend trial or a deposition. *See Powell v. Carey Int'l, Inc.*, 548 F. Supp. 2d 1351, 1363-64 (S.D. Fla. 2008); *James v. Wash Depot Holdings, Inc.*, 242 F.R.D. 645, 651 (S.D. Fla. 2007). A witness's travel costs may also be recoverable, but the party requesting travel costs needs to provide detailed documentation of the expenses incurred. *James*, 242 F.R.D. at 651. Accordingly, Defendant is entitled to recover the reduced witness fee of $40.00.

e. Plaintiff's Other Arguments Against Costs

Plaintiff also contends that an award of costs would be inequitable and alludes to the fact that a court may deny costs when "the prevailing party was obstructive, acted in bad faith during

litigation and incurred unnecessary or unreasonably high costs." D.E. 226, ¶¶ 8-9.  However, other than alluding to this standard, Plaintiff cites no specific conduct by Defendant in this case that was obstructive, taken in bad faith, or incurred unnecessary or exorbitant costs.  Accordingly, this argument offers Plaintiff no relief.

Finally, Plaintiff argues that an award of costs in inappropriate because she does not have the ability to pay any costs.  *Id.* ¶¶ 10-11.  Plaintiff supports this argument with documentation showing that she has been awarded need-based financial aid to attend school.  D.E. 238.  The Eleventh Circuit has held that "a non-prevailing party's financial status is a factor that a district court may, but need not, consider in its award of costs pursuant to Rule 54(d)."  *Chapman*, 229 F.3d at 1039.  If a court chooses to exercise its discretion to consider the non-prevailing party's inability to pay, it must "require substantial documentation of a true inability to pay."  *Id.*

Upon consideration of the history and circumstances of this case, the Court declines to consider Plaintiff's financial status in the award of costs.  But even if the Court were to consider Plaintiff's inability to pay, the financial-aid documents that she provides fail to substantially demonstrate a true inability to pay.  The documents merely reflect an assumed[7] Expected Family Contribution ("EFC") of zero and the award of a $5,500 education grant.  D.E. 238 at 6-15.  The forms submitted are nearly completely devoid of any information about Plaintiff's income or assets or lack thereof.  Thus, in any event, these documents are insufficient to establish Plaintiff's inability to pay.

## Conclusion

Accordingly, it is **ORDERED and ADJUDGED** that Defendant's Bill of Costs [D.E. 223] is **GRANTED IN PART and DENIED IN PART**.  Defendant is entitled to recover from Plaintiff

---

[7] The EFC of zero is marked with an asterisk that denotes the amount is an "assumption." *See* D.E. 238 at 6.

$3,703.06 in deposition costs, $621.00 in service costs, and $40.00 in witness fees for a total recovery of $4,364.06 in costs.

**DONE AND ORDERED** at Fort Lauderdale, Florida, this 28th day of September 2013.

                                                                            _____
                                                                            ROBIN S. ROSENBAUM
                                                                            UNITED STATES DISTRICT JUDGE

copies:        counsel of record